JOSEPH N. DU ROSS *vs.* PHILADELPHIA, BALTIMORE AND WASH-
INGTON RAILROAD COMPANY, a corporation of the State of
Delaware.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTIONS OF LAW AND
FACT.

In personal injury cases, the court will not decide the question as to
whether plaintiff was guilty of contributory negligence as one of law, although
the weight of evidence may seem to be on one side or the other, if the testi-
mony be conflicting, or where from the evidence a doubtful or uncertain con-
clusion only can be drawn.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION OF LAW AND
FACT.

In actions for personal injuries, a nonsuit will be granted, or a verdict
for defendant directed, only where it is clearly manifest as a conclusion of
fact, or by necessary exclusive inference, that those acts which the law regards
as negligent have not been shown, or in those cases in which contributory
negligence has been shown.

3. RAILROADS—ACTIONS FOR INJURIES—CONTRIBUTORY NEGLIGENCE—
CROSSINGS.

A railroad crossing being in law regarded as a place of danger, the pres-
ence of such crossing is notice to a person approaching it of the danger of
collision with a passing train; and where such person fails to exercise his
senses of sight and hearing, he cannot recover in case of injury arising from
such omission.

4. RAILROADS—ACTIONS FOR INJURIES—QUESTIONS OF LAW AND FACT.

Where the surroundings of a railroad crossing are such as to make it
certain that a person about to cross the tracks could have seen an approach-
ing train in time to have averted a collision if he had looked, he is guilty of
contributory negligence as a matter of law, where he is injured by the train
through failure to see it.

(*March* 17, 1915.)

Judges BOYCE and CONRAD sitting.

*Edwin R. Cochran, Jr.,* and *Reuben Satterthwaite, Jr.,* for
plaintiff.

*Andrew C. Gray* (of *Ward, Gray and Neary*) for defendant.

Superior Court, New Castle County, March Term, 1915.

Action by Joseph N. Du Ross against the Philadelphia, Bal-
timore and Washington Railroad Company. Verdict for defend-
ant, and motion for new trial denied.

See, also *ante* 245, 92 *Atl.* 811.

ACTION ON THE CASE, (No. 93, March Term, 1914,) to recover damages for personal injuries sustained by the plaintiff by being struck at a public crossing fifteen or twenty feet south of the station, at Kirkwood, New Castle County, in the afternoon, January 20, 1914, by a locomotive attached to a passenger train of the defendant company, moving in a northerly direction. Plaintiff approached the crossing, traveling in a westerly direction, driving a horse to a top buggy, with top up and side curtains on.

Plaintiff testified that:

"After I crossed the bridge about one hundred and eighty or one hundred and ninety feet from the track, I pulled my horse down to a walk and practically stopped him and looked both ways and saw nothing, and I started on towards the railroad. It is an upgrade from within about one hundred feet up to the railroad. I had been to Kirkwood before, but not on that side. I knew that I was approaching Kirkwood. My horse was walking up the grade and was going two and one-half to three miles an hour. After passing the little white house right along the road about one hundred feet from the railroad tracks, the next thing to obstruct the view of the railroad tracks, or of a train approaching from the south, is an embankment along the railroad about five feet high with a thorn hedge on top of that about three feet high. After passing the little white house I looked to see if a train was approaching from the south and I could see none on account of the hedge. I heard no whistle blown nor warning of any kind of the approach of a train and did not know a train was approaching until I was right on the track. The train was I judge about one hundred and fifty feet from the crossing, coming sixty or seventy miles an hour. Just then the whistle blew three or four times. I saw I could not get across the track, so I pulled the horse around to the right and the engine struck the wagon right in the middle, and whirled the left front wheel around on the eastern side. That is all I remember until I was on my feet about a quarter of a mile from the crossing. Two fellows had hold of me. I had been carried on the cowcatcher."

Witness then described his injuries and medical attention.

A number of witnesses for the plaintiff testified that notwithstanding the alleged obstruction of the bank and hedge on the east side of the railroad track extending from the crossing five hundred feet south, at which point the railroad track rose above the hedge, an engine and train of cars could be plainly seen not only at the crossing, but for one thousand feet to a half a mile down the track to the south by one approaching the crossing on the public road where plaintiff was traveling, anywhere from the little white house to the crossing.

Six witnesses for the defendant testified that the whistle was blown at a whistling post nine hundred feet south of the crossing,

and others testified that the bell was rung from that time until the time of the accident.

One witness testified that she saw the accident; that she first saw the horse and buggy in which the plaintiff was riding just after it crossed the little bridge; that the horse was going at a slow trot; that at no time after she first saw the horse until it was on the track, did the horse walk, but continued to go on a slow trot; that she noticed the approaching train and heard it blow at the whistling post, she thought four blasts; that when she saw the horse trotting, and knew the train was approaching, and saw that the plaintiff did not turn towards the station, she called to him. She further testified that the plaintiff was sitting back on the seat of the buggy and that at no time, from the time he crossed the bridge until the time he was struck, did he lean forward.

At the close of the testimony, counsel for defendant moved for binding instructions in favor of the defendant. After argument, the court announced the following opinion:

CONRAD, J., delivering the opinion of the court:

[1]   The law applicable to cases of personal injuries based on negligence is very generally covered by the reported decisions in this state, but our courts have found it impossible to make a fixed rule to govern the question of contributory negligence as to when contributory negligence can be found, under the evidence, as a conclusion of law, or when it should be submitted to the jury as a question of fact. The question must be determined by the facts and circumstances of each particular case. The court will not decide the question as one of law, although the weight of evidence may seem to be on one side or the other, if the testimony be conflicting, or where, from the evidence a doubtful or uncertain conclusion only can be drawn. Under such circumstances the question should go to the jury.

[2]   On the other hand if the evidence clearly shows contributory negligence, proximately entering into and contributing to the accident, at the time of its occurrence or when the plaintiff has failed to show any negligence on the part of the defendant as

alleged, it is then clearly the province and duty of the court to so find as a matter of law.

The rule adopted by our courts is this, that in actions for presonal injuries a nonsuit will be granted or a verdict for defendant directed in those cases only "where it is clearly manifest as a conclusion of fact, or by necessary exclusive inference, that those acts which the law regards as negligent have not been shown, or to those cases in which contributory negligence has been shown."

[3] The law regards a railroad crossing as a place of danger. The presence of such a crossing is notice to the person approaching it of the danger of collision with a passing train; and because of the danger, the law imposes upon such person the duty to use reasonable care and caution, and demands that he should use and exercise his senses of sight and hearing both for his own safety and protection, and that of others, and failing to do this he incurs the peril of any danger arising therefrom, and cannot recover for an injury that grew out of his own omission or neglect.

If a person, without the exercise of due and reasonable care to ascertain the approach of a train, drives up to and upon a railroad crossing, and injury occurs to him from a passing train, such person is guilty of contributory negligence.

[4] From the facts and circumstances established by the evidence in this case, the court is convinced that the plaintiff had the opportunity or ability to see the approaching train in time to avoid the accident if he had exercised due care in the use of his senses, for if the plaintiff did look and listen before he drove upon the crossing he must have seen or heard the approaching train in time to have avoided the accident.

There was nothing that occurred at or about the time of the accident in any of the surrounding circumstances to prevent the plaintiff from seeing or hearing the approaching train if he did look and listen as it was his duty to do before attempting to cross the tracks.

Where the surroundings of the railroad crossing, as shown in this case, are such as to make it certain that the plaintiff, about to cross the tracks, could have seen the approaching train

in time to have averted the collision, if he had looked in time to have prevented it, he cannot be heard to say that he looked, but did not see, but he will be held to have seen what was obvious. *Evans v. P., B. & W. R. R. Co.*, 2 *Boyce* (25 *Del.*) 370, 80 *Atl.* 625.

After a careful consideration of the arguments of counsel on defendant's prayers for binding instructions, we are convinced that it clearly appears from the evidence that the plaintiff was guilty of contributory negligence, proximately entering into and contributing to his injury, at the time of the accident, and that he has failed to show those acts of negligence upon which he relies to support his action, and which he must establish before he has the right to recover.

It therefore becomes the duty of the court to instruct the jury to return a verdict for the defendant.

In reaching this conclusion we think it proper to say that it is the inherent weakness of plaintiff's case, and not from the fault or failure of counsel for the plaintiff to perform their full duty in the trial of the case.

Gentlemen of the jury:—For the reasons assigned, the court instructs you to find a verdict for the defendant.

Verdict for defendant.

A motion for a new trial was heard and denied.